UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-77-DLB

TIMOTHY WALKER                                                      PETITIONER

VS.                **MEMORANDUM OPINION AND ORDER**

WARDEN LEMASTER                                    RESPONDENT

*** *** *** ***

Federal inmate Timothy Walker filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible to earn First Step Act (FSA) time credits. (Doc. # 1). The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a Response in Opposition to Walker's Petition. (Doc. # 10). Walker then filed a Reply. (Doc. # 12). Thus, this matter is now ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Walker's request for relief. As an initial matter, the U.S. Attorney's Office represents that Walker is currently serving two consecutive sentences: (1) 480 months of imprisonment (imposed in 1997) for conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846; and (2) one month of imprisonment (imposed in 2021) for provision of contraband to an inmate in violation of 18 U.S.C. § 1791. (*See* Docs. # 10 and 10-1). The Court recognizes that the FSA allows a prisoner to earn credits towards

1

pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes providing contraband to an inmate in violation of 18 U.S.C. § 1791 as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxix). Given Walker's conviction under § 1791, the BOP determined that he was ineligible to earn FSA time credits. (*See* Doc. # 10-1). In his habeas petition, Walker challenges that determination.

Walker does not dispute the foregoing facts. Instead, Walker emphasizes that his 480-month sentence for conspiracy to possess with the intent to distribute cocaine is *not* a disqualifying offense. Walker then argues that, for FSA credit eligibility purposes, the BOP improperly aggregated that 480-month non-disqualifying sentence with his one-month disqualifying sentence for providing contraband to another inmate. While the large majority of his aggregate sentence would qualify for FSA credits, since part of his sentence stems from a disqualifying offense, albeit a very small percentage, the BOP's decision is not erroneous. Title 18 U.S.C. § 3584(c) provides that the BOP shall aggregate multiple prison sentences "for administrative purposes," and many courts, including this one, have upheld the BOP's decision to aggregate sentences for FSA time credit purposes. *See, e.g., Ledford v. LeMaster*, No. 0:23-cv-030-DLB, 2023 WL 2905376 (E.D. Ky. Mar. 28, 2023); *Keeling v. LeMaster*, No. 0:22-cv-096-GFVT, 2022 WL 17407966 (E.D. Ky. Dec. 2, 2022). Accordingly,

2

**IT IS ORDERED** as follows:

(1) Walker's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) All pending motions are **DENIED** as moot;

(3) This action is **STRICKEN** from the Court's docket; and

(4) The Court will enter a corresponding Judgment.

This 15th day of December, 2023.

Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\PSO Orders\0-23-77 Walker Memorandum.docx